UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
_____

JILL STUART (ASIA) LLC and RONALD CURTIS solely
in his capacity as trustee for the STUART-CURTIS
FAMILY TRUST

                Plaintiff,

                v.                                  **COMPLAINT**

LG FASHION CORP. a/k/a LF CORP.

                Defendants                 JURY TRIAL DEMANDED

_____

## COMPLAINT

Plaintiffs Jill Stuart Asia, LLC and Ronald Curtis in his capacity as trustee for the Stuart-Curtis Family Trust, by and through their attorneys, Ballon Stoll Bader & Nadler, P.C., allege upon information and belief as follows:

### PARTIES INVOLVED IN THIS SUIT

1.    Plaintiff Jill Stuart (Asia) LLC ("JS Asia") is a limited liability company formed under the laws of the State of New York and has its principal place of business at 550 Seventh Ave, New York, NY 10018. JS Asia is responsible for management, supervision and control of the various Jill Stuart businesses throughout Asia.

2.    Ronald Curtis ("Curtis") is the trustee for the Stuart-Curtis Family Trust (the "Trust"), which is a New York trust existing under the laws of the State of New York. Curtis maintains a principal place of business at 550 Seventh Avenue, New York, New York, 10018. Most of the intellectual property associated with the Jill Stuart brand is held and controlled by the Trust.

1

3. Defendant LG Fashion Corp. ("LG Fashion") is a publicly traded Korean company with a principal place of business at 637-1 Shinsa-dong, Kangnam-gu, Seoul 135-896, Republic of Korea. Upon information and belief, LG Fashion changed its corporate name to LF Corp. and in April 2014.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. In addition, the parties have agreed to submit all disputes arising out of or relating to the LG Assignment Agreement (as hereinafter defined) to the exclusive jurisdiction of the Federal Courts located in the Borough of Manhattan, New York, New York, unless jurisdiction was lacking and then only to the exclusive jurisdiction of the appropriate state courts located in the Borough of Manhattan, New York, New York.

## VENUE

6. Venue is proper in this district under 28 U.S.C. §1391 and that the parties herein have specifically agreed to the jurisdiction of this Court and have waived any claim that this may be an inconvenient forum.

## FACTS

### BACKGROUND INFORMATION ON JILL STUART, THE DESIGNER AND THE BRAND

7. Over the course of her career, Jill Stuart has established herself as one of the most internationally recognized American fashion designers. She is an innovator and legend who has left an indelible mark on the world of fashion. One of her first forays into the fashion industry occurred when she was still in high school, selling a collection of accessories to Bloomingdales. After graduating from high school, Stuart attended the Rhode Island School of Design. Thereafter

she established her own successful boutique in 1988 on New York's Upper East Side and subsequently created her eponymous brand in 1993. Since 1993, the Jill Stuart brand, reputation and distinctive image have been consistently developed and promoted across an international stage.

8. In building the Jill Stuart Brand the JS Parties established and filed numerous marks in the United States associated with Jill Stuart, such as "Jill Stuart" and "Jill by Jill Stuart." Many, if not all, of the United States marks were also filed in international locations including Asia, South America, and the European Union, among others.

9. Many American designer brands have failed in Asia due to their inability to translate their image established here in the United States, to the type of image needed to be successful in Asia. The Jill Stuart brand was able to transcend this barrier and has enjoyed enormous success in Asia as a result of the style, beauty and personality of the brand. This has made the Jill Stuart brand one of the most successful American designer brands in Asia.

BACKGROUND ON THE JILL STUART BRAND IN KOREA

10. On or about 15 November 2007, JS Asia and a nonparty Interwave Co., Ltd. ("Interwave"), another Korean company, entered into a license agreement (the "Interwave Agreement").

11. The Interwave Agreement was amended on or about 31 March 2009 by an agreement by and between JS Asia, Interwave, and LG Fashion, in which Interwave purportedly assigned all its rights under the Interwave Agreement to LG Fashion with certain limited changes set forth therein (the "Interwave Assignment Agreement").

12. Thereafter, on or about 02 September 2010, JS Asia, the Trust, and LG Fashion entered into an agreement titled "Trademark Assignment Agreement" (the "LG Assignment

Agreement"), which provided, among other things, that the Trust would assign certain Jill Stuart trademarks to LG as provided for therein.

13. While the relationship shifted from that of a licensor/licensee to that of an assignor/assignee, certain obligations provided for in the Interwave Agreement, as amended by Interwave Assignment Agreement were to continue as if the same was still in full force and effect.

14. Such obligations were set forth in Paragraph 8 of the LG Assignment Agreement and included, but were not limited to, the minimum purchase requirements of "Collection Products" (as such term is defined in the Interwave Agreement) and "Shoe Products" (as such term is defined in the Interwave Agreement) and the payment of certain advertising fees.

15. The Interwave Agreement, Interwave Assignment Agreement, as incorporated by the LG Assignment Agreement, provided certain minimum purchase requirements for the Collection Products and the Shoe Products.

16. The Interwave Agreement, Interwave Assignment Agreement, as incorporated by the LG Assignment Agreement, also provides that LG Fashion was to continue to pay certain advertising fees as provided for in the Interwave Agreement.

17. Notably, LG Fashion failed to make the minimum purchases required pursuant to the various agreements and failed to remit the appropriate advertising fee, thereby damaging JS Asia and the Trust in an amount to be determined at trial in an amount reasonably believed to exceed $3,500,000 together with interest, attorney's fees and costs, and such other and further relief as the Court deems just, proper, and equitable..

18. While the parties were discussing amicably resolving their differences and the payment of the outstanding monies, LG Fashion, in bad faith, commenced an action in Korea, did not appropriately serve JS Asia or the Trust, and breached yet again its agreements with JS Asia

and the Trust in doing such.

19. The LG Assignment Agreement specifically provides in Paragraph 12(l):

> Jurisdiction and Venue. Each of the parties hereto hereby consents to the exclusive jurisdiction of the Federal courts located in the Borough of Manhattan, New York, New York; provided, however, that if the Federal courts do not have jurisdiction of any matter at issue, each of said parties hereby consents to the exclusive jurisdiction of the State courts located in said Borough regarding such matter, and agrees that any action concerning a dispute arising out of or relating to this Agreement shall be brought in such court and that process, notice of motion, or other application of the court, or a judge thereof, or any notice in connection with the proceedings provided for herein may be served within or without the State of New York as provided herein for the serving of notices hereunder.

20. Pursuant to the parties' agreement, the only Courts that have jurisdiction to adjudicate any disputes between the parties are courts located in the Borough of Manhattan, not Korea.

21. Notwithstanding this contractual obligation, in an effort to evade the jurisdiction of this Court, LG Fashion commenced proceedings in the 61st Civil Division of Seoul Central District Court, Republic of Korea (the "Korean Proceedings").

22. Neither JS Asia, nor the Trust were timely and appropriately served for the Korean Proceedings.

23. Further, JS Asia and/or the Trust do not have a principal place of business, office, or location in Korea and have not obtained any registered status in Korea.

24. The lack of service was not discovered and the knowledge of the Korean Proceedings was not obtained until such time that a purported judgement was rendered in the Korean Proceedings (the "Korean Judgment") and was sent to JS Asia and/or the Trust.

25. JS Asia and/or the Trust were not afforded no opportunity to answer the complaint, to appear, or to defend themselves in the Korean Proceedings and a default was entered.

26. The Korean Judgement found, among other things, that among other things, (i) LG

Fashions does not have any obligations to JS Asia or the Trust pursuant to the Assignment Agreement; and (ii) that JS Asia owes LG Fashion $250,000 plus interest.

## CLAIMS FOR RELIEF

### FIRST CLAIM
### (Declaratory Judgment)

27.  JS Asia and the Trust repeat and reallege each of the allegations contained in the preceding paragraphs, as if fully set forth herein.

28.  An actual, present and justiciable controversy has arisen between JS Asia, the Trust, and LG Fashion concerning whether the Korean Judgment is enforceable in New York and elsewhere in the United States.

29.  As discussed and set forth more fully elsewhere herein, JS Asia and/or the Trust maintain that Korean Judgment is neither recognizable nor enforceable in New York or elsewhere the United States because (i) the court in the Korean Proceedings had no personal jurisdiction over JS Asia and the Trust; (ii) JS Asia and the Trust was not timely and appropriately served; (iii) the actions of LG Fashions in commencing the Korean Proceedings were contrary to the LG Assignment Agreement, which provided for exclusive jurisdiction of any and all disputes for the appropriate Courts in the Borough of Manhattan; and as such, (iv) the court in the Korean Proceedings had no personal or subject matter jurisdiction.

30.  By reason of the foregoing, Plaintiffs seek declaratory judgment providing that (i) the Court in the Korean Proceedings did not have personal jurisdiction over JS Asia and/or the Trust; (ii) the commencement of the Korean Proceedings by LG Fashion violated the LG Assignment Agreement; (iii) the Court in the Korean Proceedings did not have subject matter jurisdiction; and (v) the Korean Judgment is neither recognizable nor enforceable within New York and/or the United States.

## SECOND CLAIM
### (Declaratory Judgment)

31. JS Asia and the Trust repeat and reallege each of the allegations contained in the preceding paragraphs, as if fully set forth herein.

32. An actual, present and justiciable controversy has arisen between JS Asia, the Trust, and LG Fashion concerning whether LG Fashion can take any action to enforce the Korean Judgment outside the United States.

33. As discussed and set forth more fully elsewhere herein, JS Asia and/or the Trust maintain that Korean Judgment is neither recognizable nor enforceable because (i) the court in the Korean Proceedings had no personal jurisdiction over JS Asia and the Trust; (ii) JS Asia and the Trust was not timely and appropriately served; (iii) the actions of LG Fashions in commencing the Korean Proceedings were contrary to the LG Assignment Agreement, which provided for exclusive jurisdiction of any and all disputes for the appropriate Courts in the Borough of Manhattan; and as such, (iv) the court in the Korean Proceedings had no personal or subject matter jurisdiction.

34. Upon the timely and appropriate service of the Summons and Complaint herein, this Court will be vested with personal jurisdiction over LG Fashions and subject matter jurisdiction over the disputes between the JS Asia, the Trust, and LG Fashions.

35. By reason of the foregoing, Plaintiffs seek declaratory judgment providing that (i) the Court in the Korean Proceedings did not have personal jurisdiction over JS Asia and/or the Trust; (ii) the commencement of the Korean Proceedings by LG Fashion violated the LG Assignment Agreement; (iii) the Court in the Korean Proceedings did not have subject matter jurisdiction; and (v) LG Fashion is prohibited from taking any action to enforce the Korean Judgment in any manner.

## THIRD CLAIM
### (Breach of Contract or Breach of the Covenant of Fair Dealing)

36. JS Asia and the Trust repeat and reallege each of the allegations contained in the preceding paragraphs, as if fully set forth herein.

37. As discussed and set forth more fully elsewhere herein, LG Fashions was required to make certain minimum purchases pursuant to the parties' agreements and was required to pay for certain advertising fees.

38. LG Fashions failed to make such minimum purchases and failed to remit payment for certain advertising fees.

39. By reason of the foregoing, Plaintiffs are entitled to all remedies available at law, equity or otherwise, including, but not limited to (i) compensatory damages for the failure to make the appropriate minimum purchases and for the failure to remit the appropriate advertising fees, in an amount to be determined at trial but reasonably believed to exceed $3,500,000; (ii) awarding applicable interest, costs, expenses and attorneys' fees, with all amounts to be determined at trial; and (iii) such other and further relief as the Court deems equitable, just, and proper.

**WHEREFORE**, Plaintiffs respectfully demands that (i) the foregoing declaratory judgments be entered in their entirety; (ii) awarding compensatory damages as requested herein in an amount to be determined at trial but reasonably believed to exceed $3,500,000; (iii) awarding applicable interest, costs, expenses and attorneys' fees, with all amounts to be determined at trial; and (iv) such other and further relief as the Court deems equitable, just, and proper.

Dated: New York, New York
       25 April 2018

                              BALLON STOLL BADER & NADLER, P.C.

                              By:   Michael J Sheppeard
                              729 Seventh Avenue - 17th Floor
                              New York, New York 10019
                              Tel. (212) 575-7900
                              *Attorneys for JS Asia and Ronald Curtis solely in his capacity as trustee for the Stuart-Curtis Family Trust*