UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
JILL STUART ASIA LLC, et al., :
:
                      Plaintiffs, :
: 18-CV-3786 (VSB)
      - against - :
: **OPINION & ORDER**
:
LG FASHION CORP., :
:
                      Defendant. :
:
------------------------------------------------------------X

Appearances:

Michael James Sheppeard
Ballon, Stoll, Bader and Nadler
New York, New York
*Counsel for Plaintiffs*

John Matthew Conlon
Mayer Brown LLP (NY)
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Plaintiffs Jill Stuart Asia LLC and Ronald Curtis ("Plaintiffs") bring this action against Defendant LG Fashion Corp. ("Defendant"), alleging claims for breach of contract and breach of the covenant of fair dealing, seeking monetary damages and declaratory and injunctive relief. Before me is Defendant's partial motion to dismiss Plaintiff's amended complaint. Because Plaintiffs' breach of the covenant of fair dealing claims are duplicative of the breach of contract claim, and the Uniform Foreign Money–Judgments Recognition Act, N.Y. C.P.L.R. § 5301, *et seq.*, prevents Plaintiffs from seeking a preemptive global injunction against the enforcement of

the foreign judgment, Defendant's partial motion to dismiss the amended complaint is GRANTED.

I. **Background**[1]

Plaintiff Jill Stuart Asia, LLC ("JS Asia") is a limited liability company that is responsible for the management, supervision, and control of various businesses in Asia that are associated with Jill Stuart, who is a fashion designer. (Am. Compl. ¶¶ 1, 2, 7.)[2] After graduating from the Rhode Island School of Design, Jill Stuart "established her own successful boutique on New York's Upper East Side and subsequently created her eponymous brand." (*Id*. ¶ 7.) Plaintiff Ronald Curtis is the trustee of the Stuart-Curtis Family Trust (the "Trust"), which holds and controls most of the intellectual property associated with Jill Stuart. (*Id*. ¶ 2.) Defendant LG Fashion Corp. ("LG Fashion") is a publicly traded company "with a principal place of business" in Seoul, Republic of Korea. (*Id*. ¶ 3.)

On September 2, 2010, Plaintiffs and Defendant entered a written agreement ("Agreement"), pursuant to which the Trust assigned certain trademarks to Defendant for use on products in the Republic of Korea. (*Id.* at 3–4, ¶¶ 12–13.) During the course of the Agreement, Defendant failed to make certain minimum purchases and to remit appropriate advertising fees, as required by the terms of the Agreement. (*Id.* at 4, ¶¶ 15–16.) The Agreement included the following clause:

> Each of the parties hereto hereby consents to the exclusive jurisdiction of the Federal courts located in the Borough of Manhattan, New York, New York;

---

[1] The following factual summary is drawn from the allegations contained in Plaintiff's amended complaint. (Doc. 16.) I assume the allegations in the amended complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Am. Compl." refers to the amended complaint, dated October 25, 2018 ("Amended Complaint"). (Doc. 16.) The Amended Complaint includes duplicated paragraph numbers. For example, pages 2 and 6 each include a paragraph numbered "7." Accordingly, for clarification, citations to the Amended Complaint specify both the page and paragraph numbers.

> provided, however, that if the Federal courts do not have jurisdiction of any matter at issue, each of said parties hereby consents to the exclusive jurisdiction of the State courts located in said Borough regarding such matter, and agrees that any action concerning a dispute arising out of or relating to this Agreement shall be brought in such court and that process, notice of motion, or other application of the court, or a judge thereof, or any notice in connection with the proceedings provided for herein may be served within or without the State of New York as provided herein for the serving of notices hereunder.

(*Id.* at 4–5, ¶ 18.) Notwithstanding this clause, Defendant commenced a lawsuit in the 61st Civil Division of Seoul Central District Court, Republic of Korea ("Korean Proceeding"). (*Id.* ¶¶ 17, 20.) Plaintiffs, who were not properly served, did not appear in the Korean Proceeding, and judgment was entered in Defendant's favor. Specifically, that judgment found that Defendant did not have any obligations to Plaintiff pursuant to the Agreement and that Plaintiff JS Asia owes Defendant $250,000 plus interest ("Korean Judgment"). (*Id.* ¶¶ 17, 21, 22.)

## II. **Procedural History**

Plaintiffs filed this action on April 27, 2018. (Doc. 1.) On July 27, 2018, Defendant filed a motion to dismiss the complaint, (Doc. 12), supported by a memorandum of law, (Doc. 13). On August 21, 2018, Plaintiffs filed the Amended Complaint, pursuant to Federal Rule of Civil Procedure 15. (Doc. 16.) Defendant filed a motion to dismiss the Amended Complaint on September 4, 2019, (Doc. 17), with a memorandum of law in support, (Doc. 18). Plaintiffs filed a memorandum in opposition on October 25, 2018, (Doc. 23), and Defendant filed a reply memorandum on November 9, 2019, (Doc. 24).

## III. **Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff

3

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237. A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. A.T. & T. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

IV. **Discussion**

A. *Breach of the Covenant of Good Faith and Fair Dealing*

"New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002). "A claim for breach of the implied covenant [of good faith and fair dealing] will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the

4

predicate for breach of covenant of an express provision of the underlying contract." *Doyle v. Mastercard Int'l Inc.*, 700 F. App'x 22, 24 (2d Cir. 2017) (summary order) (quoting *ICD Holdings S.A. v. Frankel*, 976 F. Supp. 234, 243-44 (S.D.N.Y. 1997)); *see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 203–04 (2d Cir. 2013) (finding that a "claim for breach of an implied covenant of good faith and fair dealing was properly dismissed insofar as it duplicate[d] the breach of contract claims"). Plaintiffs do not dispute that they base their breach of the covenant of fair dealing claims on the same operative facts as their breach of contract claims. (*See* Pls.' Opp. 3–4; Am. Compl. 6–7, ¶¶ 7–19.)[3] Since Plaintiffs do not dispute that they base their breach of the covenant of fair dealing claims on the same operative facts as their breach of contract claims, there is no basis in the record to delay decision on this motion until summary judgment despite Plaintiffs' apparent suggestion. (*See* Pls.' Opp. 3–4.)

Accordingly, Defendant's motion to dismiss Plaintiffs' breach of the covenant of fair dealing claims is GRANTED.

### B. *Declaratory or Injunctive Relief with Respect to the Korean Judgment*

Plaintiffs seek injunctive relief and a declaratory judgment finding, *inter alia*, that the Korean Judgment "is null and void" and that Defendant "is estopped and prohibited from taking any action to enforce or otherwise act on the Korean Judgment in New York, the United States, or anywhere else in the world." (Am. Compl. 7–8, ¶ 18.) In essence, Plaintiffs request that I enter a global injunction against the enforcement of the Korean Judgment. Defendant argues that Plaintiffs' attempt to preemptively challenge the validity of the Korean Judgment is impermissible under *Chevron Corp. v. Naranjo*, 667 F.3d 232 (2d Cir. 2012), and New York's

---

[3] "Pls.' Opp." refers to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, dated October 25, 2018. (Doc. 23.)

5

Uniform Foreign Money–Judgments Recognition Act (the "Recognition Act"), N.Y. C.P.L.R. §§ 5301–5309.

"New York has traditionally been a generous forum in which to enforce judgments for money damages rendered by foreign courts, and, in accordance with that tradition, the State adopted the [Recognition Act]. . . ." *See Chevron*, 667 F.3d at 239 (quoting *Galliano, S.A. v. Stallion, Inc.*, 15 N.Y.3d 75, 79–80, (2010)). "New York's Recognition Act applies to 'any foreign country judgment which is final, conclusive and enforceable where rendered.'" *Tropp v. Corp. of Lloyd's*, 385 F. App'x 36, 37 (2d Cir. 2010) (summary order) (quoting N.Y. C.P.L.R. § 5302)). Under the Recognition Act, foreign country judgments such as the Korean Judgment are presumptively valid unless one of the mandatory or permissive exceptions listed in § 5304 of the Act applies. *See* N.Y. C.P.L.R. § 5304. Most of the exceptions are not relevant to my analysis; however, those that are relevant are discussed below.

In *Chevron*, a plaintiff sought a global injunction against the enforcement of a judgment in Ecuador, arguing that the Ecuadorian court's procedures did not comport with due process and were influenced by fraudulent conduct. *See Chevron*, 667 F.3d at 239. The *Chevron* plaintiff relied on one of the mandatory exceptions listed in § 5304, which states that a "foreign country judgment is not conclusive if . . . the judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law," N.Y. C.P.L.R. § 5304(a)(1); *see also Chevron*, 667 F.3d at 239–40, and on one of the permissive exceptions, which states that "[a] foreign country judgment need not be recognized if . . . the judgment was obtained by fraud," N.Y. C.P.L.R. § 5304(b)(3); *see also Chevron*, 667 F.3d at 239–40.

The Second Circuit rejected the *Chevron* plaintiff's attempt to affirmatively invalidate a foreign country judgment before any party sought to enforce it, stating that the "Recognition Act nowhere authorizes a court to declare a foreign judgment unenforceable on the preemptive suit of a putative judgment-debtor," and that the "sections on which Chevron relies . . . do not create an affirmative cause of action to declare foreign judgments void and enjoin their enforcement." *Chevron*, 667 F.3d at 240. The *Chevron* court noted that there would be no basis for an injunction against enforcement "until judgment-creditors affirmatively seek to enforce their judgment in a court governed by New York or similar law." *Id.* at 242.

Although Plaintiffs do not specifically invoke the Recognition Act as the vehicle through which they seek injunctive relief, I find that the principles underlying *Chevron* apply with equal force to this case. As an initial matter, the basis for Plaintiffs' request—the Agreement's forum selection clause—falls squarely within one of the permissive exceptions listed in the Recognition Act, which states that a "foreign country judgment need not be recognized if . . . the proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court." N.Y. C.P.L.R. § 5304(b)(6). Plaintiffs do not distinguish § 5304(b)(3), which the *Chevron* court discussed, from § 5304(b)(6), which relates directly to Plaintiffs' claim, in a way that would alter the analysis done in *Chevron* such that its analysis should not apply with equal force here. Indeed, granting Plaintiffs' request would require me to run afoul of the principles of comity underlying the Recognition Act, because "when a court in one country attempts to preclude the courts of every other nation from ever considering the effect of [a] foreign judgment . . . . the court risks disrespecting the legal system not only of the country in which the judgment was issued, but also those of other countries, who are inherently assumed insufficiently trustworthy." *Chevron*, 667

F.3d at 244. Plaintiffs' argument that they merely seek relief for Defendant's breach of the Agreement is unpersuasive since the claimed breach is based upon the forum selection clause which directly implicates a permissive exception to the Recognition Act. *See* N.Y. C.P.L.R. § 5304(b)(6). Moreover, the relief they seek is a global injunction, not merely the enforcement of the forum selection clause in this district. In support of their argument that the Recognition Act is inapplicable here, Plaintiffs attempt to distinguish this case by pointing out that *Chevron* involved a tort action, whereas this case involves a breach of contract action. (*See* Pls.' Opp. 6–7.) I see no reason why the principles of comity underlying the Recognition Act would not apply equally to contract actions as to tort actions.

Accordingly, Defendant's motion to dismiss Plaintiffs' claim for a global injunction against the enforcement of the Korean Judgment is GRANTED.

## V. Conclusion

For the foregoing reasons, Defendant's partial motion to dismiss Plaintiffs' amended complaint is GRANTED and Plaintiffs' claims for breach of the covenant of fair dealing and for a global injunction against the enforcement of the Korean Judgment are dismissed. Defendant shall file an answer to the amended complaint no later than twenty-one (21) days after the entry of this Opinion & Order.

The Clerk of Court is respectfully directed to terminate the open motion at Document 17.

SO ORDERED.

Dated: September 17, 2019
      New York, New York

                                                    Vernon S. Broderick
                                                    United States District Judge